UNITED STATES of America,
Plaintiff-Appellee,

v.

Peter MARTINELLO, a/k/a Peter Martinelli, Defendant-Appellant.

No. 76–4405
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Aug. 4, 1977.

Alfred P. Farese, John C. McBride, Everett, Mass., for defendant-appellant.

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

Robert W. Rust, U. S. Atty., Michael P. Sullivan, Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before AINSWORTH, MORGAN and GEE, Circuit Judges.

PER CURIAM:

Peter Martinello appeals from a jail sentence of twenty-one months imposed upon him after his plea of guilty to conspiracy and uttering counterfeit securities of the United States in violation of 18 U.S.C. §§ 371, 472 and 2. At sentencing on November 24, 1976, counsel for Martinello moved to delay sentencing and requested that he be allowed to read the presentence reports prepared by United States Probation Officers on the codefendants in the same case on the grounds that he wished to determine what statements had been made during the conspiracy. He argued that his investigation had shown that the coconspirators never intended to pass the counterfeit bills in that they had planned to switch counterfeit money for old money. The trial judge denied the motion for the delay of sentencing and the request for the codefendants' presentence reports.

Appellant's sole contention of error on this appeal is that the district court erred in withholding the codefendants' presentence reports in that they may have contained prejudicial or incorrect information. We disagree.

Rule 32(c)(3)(A) and (B) F.R.Cr.P. does not provide that a presentence report on one defendant be disclosed to any of his codefendants. Rule 32 provides disclosure of a presentence report to the defendant who was the subject of the presentence report, and his counsel. Here the presentence investigation was made and the report was submitted to appellant and his counsel pursuant to the rule.

Appellant's reliance on *United States v. Robin*, 2 Cir. 1976, 545 F.2d 775; *United States v. Knupp*, 4 Cir. 1971, 448 F.2d 412; and *Hancock Brothers, Inc. v. Jones*, D.C.N.D.Cal., 1968, 293 F.Supp. 1229, is misplaced. These cases are not in point and certainly do not hold that presentence investigations of codefendants are to be disclosed to third parties if they contain confidential material. In the case at bar the record reveals that trial judge did disclose to the defendant that the presentence reports of the other codefendants did not contain information concerning the burning of counterfeit money as counsel alleged. In addition, the trial judge allowed appellant's counsel to comment and he did so at great length. There was no error here.

Presentence reports are not public records but rather confidential reports to the trial judge for use in his effort to arrive at a fair sentence. *United States v. Greathouse*, D.C.M.D.Ala., 188 F.Supp. 765 (1960). As other courts have held, requiring disclosure of a presentence report is contrary to the public interest as it may adversely affect the sentencing court's ability to obtain data on a confidential basis from the accused, and from sources independent of the accused, for use in the sentencing process. *United States v. Greathouse*, 7 Cir. 1973, 484 F.2d 805; *United States v. Dingle*, 10 Cir. 1976, 546 F.2d 1378. The judgment of the district court is AFFIRMED.