**UNITED STATES of America, Plaintiff,**

v.

**Keith Charles KRAUSE, Defendant (three cases).**

**Nos. 71–Cr–149, 71–Cr–152 and 74–Cr–80.**

United States District Court,
E. D. Wisconsin.

March 1, 1978.

Kasdorf, Dall, Lewis & Swietlik by Clifford C. Kasdorf, Milwaukee, Wis., for defendant.

## DECISION AND ORDER

MYRON L. GORDON, District Judge.

Mr. Ray Fahrenberg, a creditor of the defendant, has filed a petition seeking an order directing the federal probation officers of this district to release the defendant's probation reports in the above cases to his attorneys. Mr. Fahrenberg seeks access to these files to discover information which will help him recover on a state court monetary judgment obtained against the defendant. The petition will be dismissed.

On January 11, 1978, I dismissed for lack of subject matter jurisdiction a similar petition brought by Mr. Fahrenberg. The instant petition has been supported by a memorandum of law, but I nevertheless believe that a creditor with a state court judgment does not have standing to intervene in a federal criminal case for the purpose of executing on such judgment. I therefore persist in my ruling that there is no subject matter jurisdiction to entertain this petition.

Even if subject matter jurisdiction did exist, this petition would be denied on its merits. Presentence and probation reports are prepared in order to assist the court in sentencing. The disclosure of such reports is narrowly circumscribed even in the criminal cases for which they were prepared. See *United States v. Greathouse*, 484 F.2d 805 (7th Cir. 1973). Disclosure of such reports in civil proceedings could be justified, if at all, by only the most compelling reasons. *Hancock Brothers, Inc., v. Jones*, 293 F.Supp. 1229, 1232–1233 (N.D. Cal.1968). No compelling reasons exist here.

Therefore, IT IS ORDERED that the petition be and hereby is dismissed.