Paul A. WHITE, Plaintiff,

v.

UNITED STATES DEPARTMENT OF JUSTICE, Defendant.

Civ. A. No. 83–2703.

United States District Court, District of Columbia.

Jan. 10, 1985.

882

Paul A. White, pro se.

Wayne P. Williams, Asst. U.S. Atty., Civ. Div., Washington, D.C., for defendant.

## MEMORANDUM OPINION

FLANNERY, District Judge.

This matter comes before the court on the parties' motions for summary judgment on plaintiff's action for disclosure of various documents held by the United States Parole Commission, the Executive Office of the United States Attorney's Office, and the Bureau of Prisons under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq.* Defendants have withheld five documents in whole or in part under various exemptions to FOIA. For reasons discussed herein, plaintiff's motion shall be granted in part and denied in part, defendant's motion shall be granted in part and denied in part, and defendant shall submit one of the documents to the court for *in camera* examination.

*Background*

In separate requests during June and August 1983, plaintiff, then an inmate at the Federal Correctional Institution in Seagoville, Texas, sought copies of various documents from the U.S. Parole Commission, the Bureau of Prisons, and the United States Attorney's Office for the Western District of Missouri pursuant to the FOIA. After a number of documents responsive to plaintiff's request were identified and released, plaintiff brought suit to compel disclosure of other records which the agencies had determined to be exempt from disclosure under the Act. Several documents were released subsequent to plaintiff's decision to bring suit.

With respect to the United States Parole Commission, two documents have been withheld in their entirety.[1] The Commis-

---

1. *See* Memorandum in Support of Defendant's Motion for Partial Summary Judgment, and in Opposition to Plaintiff's Motion for Summary Judgment at 4 [hereinafter cited as Defendant's Memorandum]. Defendant had also made extensive arguments in earlier briefs that a telephone memorandum prepared by an Administrative Hearing Examiner in the Commission's South Central Regional Office following a telephone conversation with a case analyst in the Commission's North Central Regional Office was partially exempt from disclosure under exemptions 7(C) and 7(D). Defendant has since notified the court that this document, the so-

called "Kostbar memorandum," had been released without excisions. *See* Reply to Plaintiff's Supplemental Memorandum in Support of Motion for Summary Judgment, Krupsky Declaration at ¶ 4. Defendant is admonished that a two-sentence note in an affidavit attached to a reply to one of plaintiff's supplemental memoranda is an entirely inappropriate means to notify the court that a disputed document is no longer in issue, and that the time of both the court and the litigants is wasted by a defendant's belated determination that excisions in a particular document are not justified under FOIA.

sion argues that a presentence report prepared for the United States District Court for the Western District of Missouri and a diagnostic study prepared by the Bureau of Prisons are exempt from disclosure under exemptions 3 or 5 of FOIA, 5 U.S.C. § 552(b)(3), or that, in the alternative, those documents are not available under FOIA because the FOIA is "displaced" by the Parole Commission Reorganization Act and Rule 32 of the Federal Rules of Criminal Procedure.

The Bureau of Prisons has also withheld its copies of the presentence report and the diagnostic study prepared for the sentencing court, which are identical to those withheld by the Parole Commission, under exemption 3.[2] In addition, the Bureau of Prisons has withheld in its entirety a two-page letter dated May 12, 1983 from an official of the Platte County, Mo. Juvenile Court addressed to an official of the Bureau of Prisons ("long letter"), and has partially withheld a one-page letter of the same date from an employee of the Platte County Juvenile Court addressed to a Bureau employee ("short letter"). Defendant's Memorandum at 4–5. The only deletions from the short letter were the names of the sender and the addressee. The agency argues that contents of the long letter and the names of the sender and the addressee in the short letter are exempt from disclosure under FOIA exemption 6, 5 U.S.C. § 552(b)(6).[3]

The EOUSA has not claimed that any FOIA exemption applies to the one document which it located in response to plaintiff's request. Rather, EOUSA determined that the document, an FBI Special Agent's six-page handwritten draft of a memorandum to his supervisor concerning an investigation of plaintiff conducted by the FBI, originated with the Federal Bureau of Investigation and referred it to that agency for direct reply to plaintiff. Defendant's Memorandum at 5. The FBI ultimately released three of the six pages, claiming that the remainder was exempt from disclosure under exemptions 7(C) and 7(D). Memorandum in Support of Defendant's Supplemental Motion for Summary Judgment at 2–3 [hereinafter cited as Defendant's Supplemental Memorandum].

Plaintiff argues that defendant's decision to withhold the presentence report and the diagnostic study on the basis of exemption 3 is improper as a matter of law as a result of several decisions of this circuit holding that presentence reports are subject to the provisions of FOIA. Further, plaintiff argues that the FBI's justification for partially withholding its document is insufficient under *Vaughn* and other precedents of this jurisdiction, and thus that the notes must be disclosed as a matter of law. Finally, plaintiff argues that no "clearly unwarranted invasion of personal privacy" is threatened by releasing the names excised from the short letter, and therefore exemption 6 does not justify nondisclosure. Regarding the long letter, plaintiff argues that there may no longer be any privacy interest in refusing disclosure because the Parole Commission has released a letter to him which is very similar to the description of the long letter withheld by the Bureau of Prisons. Alternatively, he argues that he is entitled to reasonably segregable por-

---

**2.** *See* Defendant's Memorandum at 4 & n. 2. In responding to plaintiff's request, defendant had initially determined that the presentence report and the diagnostic study were not "agency records" for purposes of FOIA, and had withheld them partially on that basis. *See* Plaintiff's Supplemental Memorandum, Exhibit 1 at 2–3, Exhibit 5 at 1. Defendant ultimately conceded that the copy of the presentence report held by the Parole Commission is an "agency record" and thus "potentially subject to disclosure under the FOIA." Reply to Plaintiff's Supplemental Memorandum in Support of Motion for Summary Judgment at 3.

**3.** In its initial response to plaintiff's FOIA request, defendant had justified nondisclosure under exemptions 7(C) and 7(E) of FOIA. *See* Plaintiff's Supplemental Memorandum, Exhibit 5 at 1. Defendant has not renewed this claim, however, and now relies solely on exemption 6 for the deletions in these letters. *See* Defendant's Memorandum at 14–17; *see also id.* at 5. Therefore, the potential applicability of exemptions 7(C) and 7(E) will not be addressed. *See Ryan v. Department of Justice,* 617 F.2d 781, 792 & n. 38a (D.C.Cir.1980); *Jordan v. Department of Justice,* 591 F.2d 753, 779 (D.C.Cir.1978).

tions of the long letter. *See* Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment at 10–12 [hereinafter cited as Plaintiff's Opposition].

*Discussion*

I. Presentence Report and Diagnostic Study

■ Although the law of several other circuits is to the contrary, it has been conclusively determined in this jurisdiction that presentence reports are "agency records" for purposes of FOIA. *See Lykins v. United States Dep't of Justice,* 725 F.2d 1455, 1459 (D.C.Cir.1984); *Carson v. United States Dep't of Justice,* 631 F.2d 1008, 1013–17 (D.C.Cir.1980).[4] Defendant has belatedly conceded this point. *See* Reply to Plaintiff's Supplemental Memorandum in Support of Motion for Summary Judgment at 3. Therefore, unless one of FOIA's nine exemptions applies, the presentence report must be released to plaintiff.

Defendant first argues that FOIA's exemption 3 justifies the decision by the Bureau of Prisons and the Parole Commission to withhold the presentence report in its entirety because those agencies are barred from disclosing presentence reports by statute. Under exemption 3, FOIA's disclosure requirements do not apply to documents that are

> specifically exempted from disclosure by statute …, provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld.

5 U.S.C. § 552(b)(3). Defendant argues that presentence reports fall within this exemption based on the language of rule 32(c) of the Federal Rules of Criminal Procedure and the provisions of 18 U.S.C. § 4208(b), which, the government argues, require that presentence reports be withheld from the public "in such a manner as to leave no discretion on the issue," or establish "particular criteria for withholding." *See* Defendant's Memorandum at 6–11.

Under rule 32(c), a defendant must be permitted to read the presentence report at a reasonable time before imposing sentence. Fed.R.Crim.P. 32(c)(3)(A). However, any copies of the report made available to the defendant or his counsel must be returned immediately following sentencing, "unless the court, in its discretion[,] otherwise directs." Fed.R.Crim.P. 32(c)(3)(E). Defendant argues that the latter provision alone meets the criterion of exemption 3 because it leaves neither the Bureau of Prisons nor the Parole Commission with the discretion to disclose a presentence report and "establishes particular criteria for withholding." Defendant's Memorandum at 7.

The government's argument that the Parole Commission has no discretion to disclose presentence reports because to do so would "nullify" rule 32(c) has been clearly rejected by the Court of Appeals for the District of Columbia Circuit. In *Carson v. United States Department of Justice* in 1980, and again in *Lykins v. Department of Justice* in 1984, the court rejected the government's position that presentence reports could not be considered discoverable "agency records" under FOIA because to do so would render meaningless the sentencing court's ability to forbid the defendant to retain a copy of the report after sentencing. *Lykins,* 725 F.2d at 1459 n. 4.

The basis for these holdings was the requirement under the Parole Commission and Reorganization Act ("PCRA"), 18 U.S.C. § 4201 *et seq.* (1976), that the Parole

---

**4.** According to a brief filed by the Solicitor General of the United States in *Crooker v. United States Parole Commission,* — U.S. ——, 105 S.Ct. 317, 83 L.Ed.2d 255 (1984), the government no longer contends that presentence reports held by the Parole Commission are not "agency records" for purposes of FOIA, and the Parole Commission will no longer withhold copies of presentence reports under FOIA on the ground that they are not agency records for purposes of the Act. *See* Brief for Respondent at 13, 15, *Crooker v. United States Parole Commission,* — U.S. ——, 105 S.Ct. 317, 83 L.Ed.2d 255 (1984).

Commission consider available presentence reports in making parole determinations and provide to a requesting prisoner in advance of any parole determination "reasonable access to a report or other document to be used by the Commission in making its determination." *Id.,* §§ 4207, 4208(b); *see Carson,* 631 F.2d at 1012–13. Because the courts no longer have any discretion to prevent transmittal of presentence reports to parole authorities or to prevent access by inmates to presentence reports prior to parole determinations, the *Carson* court rejected the notion that rule 32(c) limits the discoverability under FOIA of a presentence report held by the Parole Commission. *See Carson,* 631 F.2d at 1012–13; *see also Lykins,* 725 F.2d at 1459 & n. 4.

■ The court's reasoning in *Carson* and *Lykins* is just as applicable to defendant's argument that rule 32(c) should provide a *per se* exemption for presentence reports under section 552(b)(3). *Carson* and *Lykins* held that sections 4207 and 4208(b) of the PCRA curtailed judicial control over presentence reports so as to render them agency records of the Parole Commission for purposes of FOIA. In other words, judicial control over presentence reports under rule 32(c) does not affect the Parole Commission's responsibility to provide access to presentence reports under the PCRA. Therefore, rule 32(c) cannot be argued to provide a bar against the disclosure of presentence reports held by the Parole Commission so as to leave the Commission with no discretion on their release, as required by exemption 3. Prior to the Parole Commission and Reorganization Act, defendant's contention that the Parole Commission lacked discretion to release presentence reports may have had some merit. However, as both *Carson* and *Ly-*

*kins* make clear, the Act eliminated the control of the sentencing court over presentence reports *vis a vis* the Parole Commission, and vests that agency with authority over such reports sufficient to render them agency records for purposes of FOIA. Therefore, defendant's argument that rule 32(c) leaves the Commission "no discretion" over presentence reports such that the rule meets the requirements of an exempting statute under FOIA's exemption 3 is without merit.

■ Section 4208(b) of the PCRA and the Commission's regulations regarding release of presentence reports enacted pursuant to that statute also do not support defendant's position that the Commission lacks any discretion to release copies of presentence reports to inmates who request them. On the contrary, there appears to be no requirement in either section 4208(b) or regulations enacted pursuant to that statute that the inmate return copies of any documents, including the presentence report, to the Commission after being afforded "reasonable access" to them. *See* 18 U.S.C. § 4208(b); 28 C.F.R. §§ 2.55(a)(3), 2.56(a) (1984). Rather than there being no discretion to provide a copy of the presentence report as required of exempting statutes under FOIA's exemption 3, the Commission appears to have complete discretion.[5]

The court's disposition of the issue of the applicability of exemption 3 to the presentence report also governs the outcome on the diagnostic study withheld in its entirety because defendant argues that the same grounds justify exemption for both documents. *See* Defendant's Memorandum at 11–12. Under Rule 32(c)(3)(F) of the Federal Rules of Criminal Procedure, a report of a study made pursuant to 18 U.S.C. § 4205(c) shall be considered a presentence

5. Indeed, the Solicitor General of the United States has taken the position that although the Parole Commission has elected to allow the prisoner only to read but not to retain a copy of his presentence report, the Commission has discretion under section 4208(b) "either to allow the prisoner to read the documents in question or to furnish him with copies of them." *See* Brief for Respondent at 16–18 & nn. 7 & 8, *Crooker v. United States Parole Commission,* ——U.S. ——, 105 S.Ct. 317, 83 L.Ed.2d 255 (1984). The Parole Act, according to the Solicitor General, "does not bar the Commission from giving the prisoner a copy of his presentence report." *Id.* at 16.

report. According to defendant, the diagnostic study in question was prepared pursuant to that statute. Therefore, defendant argues that just as the presentence report must be withheld under exemption 3, the diagnostic study made pursuant to section 4205(c) must also be withheld. Because the court has held that exemption 3 does not provide a blanket exemption for presentence reports, the court is compelled to reject defendant's argument.

■ Finally, in a purported "reply" to Plaintiff's Supplemental Memorandum in Support of Motion for Summary Judgment, defendant has asserted for the first time two new arguments for a blanket exemption for presentence reports. Although defendant correctly notes that an agency is not barred from asserting a particular exemption or theory if it was not cited in responding to the request at the administrative level,[6] defendant has an obligation to clearly set forth the exemptions upon which it plans to rely at the outset of litigation. Instead, defendant has attempted to circumvent both the adversary process and the rules of this court by raising new exemptions nearly five months after defendant's first dispositive motion was filed, and well after the expiration of the time within which defendant was to reply to plaintiff's supplemental memorandum under the local rules of this court. Although defendant has not sought leave to file its reply out of time, and this court has no desire to prolong this litigation indefinitely by encouraging defendant's tactical decision to raise new exemptions in such a piecemeal fashion, the court will address defendant's new arguments.

First, defendant claims that exemption 5 provides a *per se* exemption for presentence reports. Reply to Plaintiff's Supplemental Memorandum at 3–6. Under exemption 5, the FOIA does not apply to

> inter-agency or intra-agency memorandums or letters which would not be avail-

able by law to a party other than an agency in litigation with the agency.

5 U.S.C. § 552(b)(5). This exemption generally excludes from FOIA's coverage only those documents "normally privileged in the civil discovery context." *National Labor Relations Board v. Sears, Roebuck & Co.*, 421 U.S. 132, 149, 95 S.Ct. 1504, 1515–16, 44 L.Ed.2d 29 (1975). Defendant's assertion that presentence reports "literally fall within" exemption 5 is based on several assumptions. First, defendant argues that a presentence report in the possession of the Parole Commission would be privileged from discovery by third parties in the context of civil litigation. Defendant next asserts that even as to the individual who is the subject of the report, the Parole Commission's copy of the presentence report is protected by a "qualified privilege" against disclosure, and therefore that an inmate involved in litigation with the Parole Commission could not obtain through discovery a copy of his own presentence report. Thus, defendant concludes, presentence reports fall under exemption 5.

Although defendant is somewhat ambiguous as to the source of the privileges which it claims would protect presentence reports from discovery in litigation with the Parole Commission, it appears that the alleged *per se* exemption springs from the same source as the exemption asserted under section (b)(3), that is, the control of the sentencing court over presentence reports and the "statutorily created privilege" to obtain access to the presentence report from the Parole Commission under the PCRA. Those arguments are no more persuasive in the context of exemption 5 than they were under exemption 3. As already pointed out, the sentencing court no longer has any control over presentence reports *vis a vis* the Parole Commission, which renders suspect defendant's assumption that rule 32 would have any effect on discovery of a presentence report by the individual who is the subject of that report in civil litigation with the Parole Commission.

---

**6.** Reply to Plaintiff's Supplemental Memorandum in Support of Motion for Summary Judg-

ment at 2 n. 1.

Further, given an inmate's *entitlement* to access to his presentence report prior to his parole hearing under the PCRA, and the Commission's apparent discretion to allow the inmate to retain a copy of that report, defendant's assumption that the Commission could assert some nebulous "qualified privilege" to prevent discovery of a presentence report during civil litigation by an inmate who is the subject of that report is similarly without merit.

▇▇▇ Finally, defendant argues that in the case of presentence reports, the FOIA is "displaced" by a "particularized disclosure scheme," that is, the PCRA and rule 32(c). This argument must fail for either of two reasons. First, the whole notion that FOIA may be "displaced" by a disclosure scheme in another statute was placed in doubt by the decision of the United States Court of Appeals for the D.C. Circuit in *Washington Post Co. v. United States Department of State*, 685 F.2d 698 (D.C.Cir.1982). As the *Washington Post* court pointed out

> Other legislation, its history, and powers of Congress underlying it are to be taken as justifying refusal to disclose only when they meet the strictures of one of the specific exemptions included in FOIA.

*Id.* at 704. Thus, rather than allowing defendant to make an "end run" around FOIA's explicit exemptions by finding regulations pertaining to disclosure in another statute, the court's opinion in *Washington Post* can be read to require disclosure unless those regulations meet the requirements of one of the Act's nine exemptions. Unless disclosure provisions of another statute are sufficiently specific to meet the requirements of exemption 3, they may not be relied upon to justify such a sweeping exclusion as that advocated by defendant in the case at bar. Alternatively, it seems clear that even if FOIA can be "displaced" as in *Zale Corp. v. United States Internal Revenue Service*, 481 F.Supp. 486 (D.D.C. 1979), the "scheme" prescribed by the PCRA and rule 32(c) does not approximate

the specificity or particularity which would be required of such a "displacement" statute,[7] particularly given this court's conclusion that rule 32(c) is irrelevant to the question of the Parole Commission's discretion to release presentence reports under the PCRA.

▇▇▇ In light of the preceding discussion, it should be made clear that although the court holds that presentence reports and other documents, like diagnostic studies, which are classified as presentence reports, are not *per se* nondiscoverable under exemptions 3 or 5, the court is not holding that such documents are therefore automatically disclosable under FOIA, either to the subject of the report or to third parties. *See Carson*, 631 F.2d 1015 & n. 29; *Lykins*, 725 F.2d at 1459 n. 4; *see also Crooker v. United States Parole Commission*, 730 F.2d 1, 9 (1st Cir.1984), *vacated,* —— U.S. ——, 105 S.Ct. 317, 83 L.Ed.2d 255 (1984). The possibility still remains that all or part of any given report may remain confidential under one of FOIA's nine exemptions. For example, the Parole Commission's statutory authority to withhold "diagnostic opinions which ... could lead to a serious disruption of [the prisoner's] institutional program" from the prisoner under 18 U.S.C. § 4208(c)(1) might provide a basis for withholding a diagnostic study under FOIA's exemption 3. *See Crooker*, 730 F.2d at 9. Similarly, section 4208(c)(2)'s exemption for documents which reveal "sources of information obtained upon a promise of confidentiality" might be sufficient to satisfy the requirements of exemption 3. Other FOIA exemptions under which nondisclosure might be justified are exemption 6, which allows the withholding of information the disclosure of which would result in an unwarranted invasion of personal privacy, or exemption 7, dealing with law enforcement information. In sum, many of the legitimate concerns raised in defendant's pleadings are addressed by existing FOIA exemptions, some of which may have been applicable to

---

7. *See Zale,* 481 F.Supp. at 489–90.

888

allow the agencies to withhold all or parts of the presentence report or the diagnostic study at issue in the case at bar. Instead, defendant chose to ignore clearly relevant District of Columbia case law even after it had been brought to its attention by plaintiff, who is both *pro se* and incarcerated, and rested its argument for exemption on the expansive grounds that presentence reports have been given a blanket exemption from FOIA under exemptions 3 or 5. As the court has demonstrated, *Carson*, *Lykins*, and the PCRA itself render this position untenable. The government thus has waived its opportunity to litigate the applicability of other possible exemptions by failing to raise them. *See Ryan v. Department of Justice*, 617 F.2d 781, 792 & n. 38a (D.C.Cir.1980); *Jordan v. Department of Justice*, 591 F.2d 753, 779 (D.C.Cir.1978). Plaintiff's motion for summary judgment on his motion for disclosure of the presentence report and the diagnostic study from the Parole Commission shall therefore be granted.[8]

## II. The Bureau of Prisons Letters

■ Regarding the so-called "short letter," defendant has excised only the names of the sender, an employee of the Juvenile Court, and the addressee, an official of the Bureau of Prisons. According to defendant, "it is likely" that disclosure of these names would "subject these persons to intimidation, harassment, or reprisal," without any corresponding public benefit to be derived from disclosure. Jackson Declaration at 6. The letter involves a request that communication between plaintiff and any of his previous young "associates" be monitored. Plaintiff is incarcerated for transportation of a minor across a state line with the intent to engage the minor in prostitution. Given the close relation of the subject of the letter and the offense for which

plaintiff is incarcerated, and the accepted privacy interests in the identities of law enforcement officials, the court finds that defendant was justified in withholding the names under exemption 6. The court is unable to discern any public interest in disclosure sufficient to outweigh the invasion of privacy that would result from the disclosures sought.

■ Regarding the "long letter," defendant has been required to compare it with a letter previously released by the Parole Commission to determine what similarities exist between the two. According to defendant, the letters are not identical, and in fact were written and signed by different persons and addressed to different persons, address different issues, and contain different information. *See* Second Jackson Declaration at ¶¶ 4–5. In describing the two-page letter, defendant had earlier stated that it contained "a description of the progress until [the date of the letter] of a then fifteen-year-old boy with whom plaintiff had previously been associated" who was at that time undergoing psychiatric treatment at a state institution. Jackson Declaration at ¶ 10. As with the short letter, the court agrees with defendant that disclosure of the contents of this letter would constitute a clearly unwarranted invasion of the juvenile's personal privacy without any countervailing public interest in disclosure.

## III. FBI Document

■ Finally, defendant has withheld three of six pages of a document which originated with the Federal Bureau of Investigation, claiming that various deletions are justified under exemptions 7(C) and 7(D). *See* Defendant's Supplemental Memorandum at 2–3. The requirements for those exemptions have been discussed *supra*. Without even addressing the particu-

---

**8.** With regard to the presentence report, it appears that plaintiff has already seen the entire contents of the report. *See* Defendant's Motion at 6 n. 4. Therefore, the government has arguably waived any FOIA exemption it could have raised as a basis for withholding it from him. *See, e.g., North Dakota v. Andrus*, 581 F.2d 177, 180–82 (8th Cir.1978); *Mead Data Central v. Department of the Air Force*, 566 F.2d 242, 257–58 (D.C.Cir.1977). The court expresses no opinion as to the applicability of any FOIA exemptions to plaintiff's presentence report if requested by some third party.

lar elements required to justify deletions under those exemptions, however, it is clear that the affidavit and discussion of the deletions are wholly inadequate to justify the application of any exemption to the material withheld.

██ The court of appeals for this circuit has determined that when an agency decides to withhold information under FOIA, it must supply the requester with a "relatively detailed justification, specifically identifying the reasons why a particular exemption is relevant and correlating those claims with the particular part of a withheld document to which they apply." *See Mead Data Central, Inc. v. United States Department of the Air Force,* 566 F.2d 242, 251 (D.C.Cir.1977); *see also Lykins,* 725 F.2d at 1463; *Vaughn v. Rosen,* 484 F.2d 820, 827–28 (D.C.Cir.1973). This detailed procedure forces the government to analyze carefully the documents it seeks to withhold, permits the trial court to fulfill its duty of ruling on the applicability of the exemption, and enables the adversary system to operate by giving the requester as much information as possible, on the basis of which he can present his case to the trial court. *See Lykins,* 725 F.2d at 1463; *see also Coastal States Gas Corp. v. Department of Energy,* 617 F.2d 854, 861 (D.C. Cir.1980).

The sweeping and conclusory statements concerning the applicability of FOIA exemptions 7(C) and 7(D) in the Chester Declaration are obviously insufficient for purposes of the Act. *See, e.g., Lykins,* 725 F.2d at 1463. Defendant has provided no more than general policy arguments supporting each exemption without specific reference to any portion of the document in question. *See generally* Chester Declaration. In sum, defendant's declaration is little more than a generic justification for withholding documents under exemptions 7(C) and 7(D) which bears no more relevance to this case than to any other case in which these exemptions are raised.

Because only one brief document is involved, however, the court will order that defendant submit a detailed justification identifying the specific reasons that the particular exemptions are relevant and correlating those claims with the particular parts of the document, as defendant was required by law to do in the first instance. Defendant will file this revised *Vaughn* affidavit and submit the document in question for the court's *in camera* examination, after which the court will rule on the exemptions claimed. The court hastens to add that this is not the normal procedure under FOIA, and that an affidavit as inadequate as that submitted in the case at bar might well justify summary judgment against the government in other circumstances.