**UNITED STATES of America**

v.

**Clinton Tony GREATHOUSE, Ernest Luster, alias Ernest E. Luster, and James C. McGriff.**

**Cr. No. 11,278-N.**

United States District Court
M. D. Alabama, N. D.

Nov. 10, 1960.

Hartwell Davis, U. S. Atty., and Ira DeMent, Asst. U. S. Atty., Montgomery, Ala., for the United States.

Godbold, Hobbs & Copeland, Montgomery, Ala., and Mark J. Bridges, Prattville, Ala., for defendant James C. McGriff.

JOHNSON, District Judge.

This cause is now submitted upon the motion of the United States filed herein on November 8, 1960, seeking to have this Court quash the subpoena duces tecum heretofore issued by the Clerk of this Court and directed to James Elmo Turner, Chief U. S. Probation Officer for this district, commanding him to produce his pre-sentence investigation and report thereof as the same relates to Clinton Tony Greathouse, one of the co-defendants in this case, who has heretofore entered a plea of guilty and who is now awaiting sentence.

■ A study of the subpoena reflects that McGriff specifically seeks to obtain that portion of the pre-sentence investigation of the probation office as it relates to Clinton Tony Greathouse's discharge from the Marine Corps, including the circumstances surrounding said discharge, psychiatric treatment and mental disease treatment, if any, received by Greathouse, Greathouse's past criminal record and "his conduct prior to the commission of the offense * * * whether said conduct resulted in criminal prosecution or not."

This cause is also submitted upon the motion of the United States made by and through the United States Attorney for this district, seeking to have this Court quash the subpoena duces tecum heretofore issued by the Clerk of this Court to H. O. White requiring him to produce "statements, documents, and reports relating or pertaining to" the same matters referred to in the subpoena directed to Turner, the Chief Probation Officer.

This Court is of the opinion that the motion of the United States to quash the subpoena duces tecum directed to James Elmo Turner, Chief U. S. Probation Offi-cer for this district, should be granted. To permit the probation officer to be sub-poenaed and to produce a pre-sentence report for use by a defendant would, in the opinion of this Court, seriously hamper and handicap the probation investigative system in this district. When the probation officer makes the investigation that forms the basis for a pre-sentence report, he is acting as an arm of the Court and as an investigator for the Judge of the Court. The pre-sentence report is not a public record; it is a confidential report for the use by the Judge of the Court in his effort to determine what a fair sentence should be. This point was presented to the Court in United States v. Durham, D.C.1960, 181 F.Supp. 503, where the Court there stated:

"It is not the practice to permit the defendant or his counsel or any one else to inspect reports of pre-sentence investigations. Such reports are treated as confidential documents. They are not public records. The reason is obvious. Such reports, in order to be helpful to the Court, must of necessity contain a considerable amount of information that may be obtained, on occasion, in confidence. So, too, the Probation Officer must feel free to make comments and suggestions that may prove to be of value to the Court.

" * * * The custom of treating reports as confidential documents is merely a continuation of prior practice. If these reports were made public and were available to counsel as a matter of right, I am sure that their value would be much reduced, because a great deal of information now generally contained in them would not be available."

■ The subpoena duces tecum to H. O. White, investigating officer, United States Post Office Department, presents different problems from those presented by the subpoena to the probation officer. This Court is of the opinion that the

motion to quash the subpoena directed to White should be granted in part and denied in part. It should be granted except where it calls for statements or reports "made by a Government witness or prospective Government witness (other than the defendant) to an agent of the Government * * *." To permit McGriff to obtain statements in the possession of a Government witness, such as White, that were made to him by other Government witnesses or prospective Government witnesses (other than the defendant) would be in violation of § 3500, Title 18 of the United States Code. This does not forbid White from producing, in response to the subpoena, information he has concerning Greathouse's discharge from the Marine Corps, including the circumstances concerning said discharge, treatment by psychiatrists, etc., Greathouse's past criminal record, and his conduct prior to the commission of the offense alleged in this indictment provided that information is not contained in statements or reports by a Government witness or prospective Government witnesses.

In consideration of the foregoing and for good cause, it is, therefore, the Order, Judgment and Decree of this Court that the motion of the United States seeking to have this Court quash the subpoena duces tecum heretofore issued by the Clerk of this Court to James Elmo Turner, Chief U. S. Probation Officer for this district, commanding him to produce his pre-sentence investigative report as it relates to Clinton Tony Greathouse, should be and the same is hereby granted. It is Ordered that the subpoena issued by the Clerk of this Court to James Elmo Turner in this cause and dated November 4, 1960, be quashed.

It is the further Order, Judgment and Decree of this Court that the motion of the United States seeking to have this Court quash the subpoena duces tecum issued by the Clerk of this Court upon the application of the defendant McGriff, seeking to have H. O. White produce certain enumerated documents in his possession as they relate to Clinton Tony Greathouse, should be and the same is hereby overruled and denied, with the exception of statements or reports made by Government witnesses or prospective Government witnesses to an agent of the Government. As to any statements or reports in the possession of H. O. White made by Government witnesses or prospective Government witnesses (other than the defendant) to him or any other agent of the Government, the motion to quash should be and the same is hereby granted.