**HANCOCK BROTHERS, INC., Plaintiff,**

**v.**

**Lyle L. JONES et al., Defendants.**

**NGC AMUSEMENT CORP. et al.,**
**Plaintiffs,**

**v.**

**GLOBE TICKET COMPANY OF CALIFORNIA et al., Defendants.**

**Civ. No. 49700.**

**Misc. No. 3118.**

United States District Court
N. D. California.

Dec. 3, 1968.

Steinhart, Goldberg, Feigenbaum & Ladar, Marvin D. Morgenstein, James T. Fousekis, San Francisco, Cal., for plaintiff Hancock Brothers, Inc.

Swerdlow, Glikbarg & Shimer, Richard H. Floum, Beverly Hills, Cal., for defendant NGC Amusement Corp.

Cecil F. Poole, U. S. Atty., Melvin J. Duvall, Jr., Asst. U. S. Atty., San Francisco, Cal., for defendant the United States.

MEMORANDUM AND ORDER

OLIVER J. CARTER, District Judge.

The question presented to this Court is whether or not certain pre-sentencing memoranda prepared by the San Francisco office of the Antitrust Division, United States Department of Justice, should be made a matter of public record. These reports were prepared in

connection with the sentencing of the defendants in United States v. Hancock Brothers, Inc., et al., Criminal No. 41530.

During 1967, a Federal grand jury in the Northern District of California investigated the pricing practices of several companies engaged in the sale of tickets. On September 25, 1967, the grand jury returned indictments under Section 1 of the Sherman Act against Hancock Brothers, Inc., Globe Ticket Company of California, Dillingham Ticket Company, the president of Dillingham, and the general manager of Globe. Eventually, all five defendants tendered pleas of *nolo contendere* which were accepted by the court. Pre-sentencing reports were prepared for the court by the Probation Office. Included in this report was a memorandum prepared under the supervision of Mr. Lyle Jones, Chief of the San Francisco Office of the Antitrust Division, Department of Justice, in accordance with a request from Mr. Albert Wahl, Chief United States Probation Officer in San Francisco.

On January 26, 1968, Hancock Brothers, Inc. was sentenced to pay a fine of $20,000. The pre-sentence report prepared in connection with this sentencing was not made available to the defendant. On June 19, 1968, the other four defendants were also sentenced to pay fines. The report made in connection with these defendants was made available to defense counsel pursuant to the order of the court.

Civil treble damage actions have been brought under Section 4 of the Clayton Act against these same defendants. Plaintiffs in the civil action are seeking access to the pre-sentencing memoranda under Discovery Rule 34 of the Fed.R. Civ.P. Plaintiffs served a deposition subpoena · duces tecum on various officials of the United States to have these documents produced. The United States has filed a motion for an order pursuant to Rule 45(b) of the Fed.R.Civ.P. to quash the subpoena. The United States has offered instead that, as to the report that had been ·disclosed to the defendants in the criminal proceedings, it "believes it may be appropriate and,

therefore would not object if an order were entered making the presentencing report * * * part of the public record." Hancock Brothers, Inc., has filed an action for a declaratory judgment that disclosure of the documents in question is unauthorized and contrary to law. This Court is of the opinion that the documents in question should remain under the seal of confidentiality.

 It is well-settled that liberality is a guiding principle in the construction of discovery rules. The requirement of full and timely disclosure is necessary for a just and speedy judicial determination of causes. Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947). The fact that private individuals are seeking discovery of information obtained through government facilities does not *ipso facto* lessen the weight to be given this principle. This is especially true in private treble-damage antitrust actions, since these private actions are an important component of the public interest in "vigilant enforcement of the antitrust laws." Lawlor v. National Screen Service Corp., 349 U.S. 322, 329, 75 S.Ct 865, 869, 99 L.Ed. 1122 (1955). Congress has expressly manifested its intent to have private individuals capitalize on judgments in favor of the United States against defendants who violate the antitrust laws by providing in Section 5(a) of the ·Clayton Act, that such decrees under certain circumstances are prima facie evidence in subsequently-prosecuted private antitrust suits. A consent decree is made exempt from the prima facie effect of Section 5(a) but it does not serve to cast a shield of immunity against discovery procedures. Olympic Refining Co. v. Carter, 332 F.2d 260 (9th Cir. 1964). Thus, the plaintiffs here should be entitled to the information they seek were it not for opposing considerations which override the need for disclosure.

██ The information contained in the document being sought was obtained in proceedings before the grand jury. It is a firmly established policy of the law that acts of the grand jury and evidence taken before it are to be protected from public scrutiny. The grand jury's

establishment in the Fifth Amendment of the United States Constitution "as the sole method for preferring charges in serious criminal cases * * * shows the high place it held as an instrument of justice." Costello v. United States, 350 U.S. 359, 362, 76 S.Ct. 406, 408, 100 L.Ed. 397 (1956). The rule of secrecy is a necessary one if the grand jury is to perform its functions effectively. Pittsburgh Plate Glass Co. v. United States, 360 U.S. 395, 400, 79 S.Ct. 1237, 3 L.Ed.2d 1323 (1959). The rule can be relaxed in the discretion of the court if the ends of justice require it. United States v. Socony-Vacuum Oil Co., 310 U.S. 150, 60 S.Ct. 811, 84 L.Ed. 1129 (1940); Fed.R.Crim.P. 6(e). Accordingly, the task placed before this Court is achieved by balancing the interests involved in maintaining secrecy of the grand jury proceedings with the interests involved in disclosing the documents in question.

■ The policy considerations behind grand jury secrecy were amply expounded in United States v. Amazon Ind. Chem. Corp., 55 F.2d 254 (D.Md.1931). Only one of the reasons stated for maintaining secrecy is applicable in this case, towit: to encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes. Clearly, this objective is curtailed if the information sought in this case is made a matter of public record.

■ Only if a compelling necessity has been shown with particularity would disclosure be proper. United States v. Proctor & Gamble Co., 356 U.S. 677, 681, 78 S.Ct. 983, 2 L.Ed.2d 1077 (1958). Cases allowing disclosure illustrate circumstances under which there is a compelling need to overcome the policy of grand jury secrecy. E. g., Atlantic City Electric Co. v. A. B. Chance Co., 313 F. 2d 431 (2d Cir. 1963); Commonwealth Edison Co. v. Allis Chalmers Manufacturing Co., 211 F.Supp. 729 (N.D.Ill. 1962); State of Washington, et al. v. American Pipe & Construction Co., 41 F. R.D. 59 (1966). The need for disclosure becomes particularly important when a defendant is seeking access to grand jury information in connection with a criminal prosecution against him. See, Dennis v. United States, 384 U.S. 855, 86 S.Ct. 1840, 16 L.Ed.2d 973 (1966).

■ No compelling necessity for disclosure has been made apparent to the Court in this case. The only reasons for disclosure advanced by the plaintiffs here are the avoidance of expense and additional work, in order to recoup alleged financial losses in civil actions. This advantageous use of discovery procedures exists in every civil suit that follows a decree in favor of the government based on violation of the antitrust laws. Mere convenience is not enough to encroach upon the secrecy of grand jury proceedings. In re Holovachka, 317 F. 2d 834 (7th Cir. 1963); In the Matter of April 1956 Term Grand Jury, 239 F.2d 263, 268 (7th Cir. 1956), rehearing den. 1956, cert. den; Shotwell Mfg. Co. v. United States, 352 U.S. 998, 77 S.Ct. 552, 1 L.Ed.2d 544 (1957); City of Philadelphia v. Westinghouse Electric Corp., 210 F.Supp. 486 (E.D.Pa.1962); Application of State of California to Inspect Grand Jury Subpoenas, 195 F. Supp. 37 (E.D.Pa.1961).

In this case, another reason exists why the information sought should not be made a matter of public record. The document in question was prepared at the request of the Probation Office for inclusion in the pre-sentencing report presented to the court. A probation report is an essential aid to a sentencing judge in determining a just and proper sentence. If the confidential nature of a probation report is not protected, a serious curtailment could result in information now made available to sentencing judges. Hoover v. United States, 268 F.2d 787 (10th Cir. 1959); United States v. Durham, 181 F.Supp. 503 (D.C. 1960), cert. den. 364 U.S. 854, 81 S.Ct. 83, 5 L.Ed. 77 (1960); United States v. Greathouse, 188 F.Supp. 765 (Ala.1960); Dillon v. United States, 307 F.2d 445 (9th Cir. 1962) (Barnes, J., dissenting); Barnet and Gronewold, Confidentiality

of the Pre-sentence Report, 26 Fed.Prob. 26 (1962). "To deprive sentencing judges of this kind of information would undermine modern penalogical procedural policies that have been cautiously adopted throughout the nation after careful consideration and experimentation." Williams v. People of State of New York, 337 U.S. 241, 249–250, 69 S.Ct. 1079, 1084, 93 L.Ed. 1337 (1949).

 Confidentiality of a probation report is not absolute, however. Fed.R.Crim.P. 32(c) (2) provides:

> "The court * * * may disclose to the defendant or his counsel all or part of the material contained in the report of the presentence investigation and afford an opportunity to the defendant or his counsel to comment thereon."

Disclosure to the defendant in a criminal action is considered necessary in many instances. Rule 32 of the Fed.R.Crim.P. was amended in 1966 to encourage disclosure to the defendant to afford full opportunity to rebut or explain facts reported in the pre-sentence report. Fed.R.Crim.P. 32, Notes of the Adv. Comm. on Rules, 39 F.R.D. 193, 194 (1966). The overriding consideration which makes disclosure of confidential pre-sentence reports necessary is summarily stated in the standard adopted by the A.B.A. Advisory Committee on Sentencing and Review:

> "Fundamental fairness to the defendant requires that the substance of all derogatory information which adversely affects his interests and which has not otherwise been disclosed in open court should be called to the attention of the defendant, his attorney, and others who are acting on his behalf." Id. at 213.

The need for disclosure to plaintiffs in this civil action falls far short of the compelling reasons for disclosing pre-sentence reports to defendants who are the subjects of such reports. The reasons for disclosing the report to criminal defendants exist in virtually every criminal case in which the sentencing judge relies upon the report before imposing sentence. Yet, the policies for maintaining confidentiality remain steadfast in many cases and the reports are not disclosed as a matter of course. *A fortiori,* information contained in a pre-sentence report should not be disclosed to third parties unless lifting confidentiality is required to meet ends of justice. As previously discussed, plaintiffs have not shown that anything more than convenience would be served by making the documents sought available through discovery.

The government has called this Court's attention to United States Industries, Inc. v. United States District Court, 345 F.2d 18 (9th Cir. 1965). It is said that *United States Industries* is authority for the proposition that disclosure of the pre-sentence report to the defendant in the criminal proceedings is grounds for disclosing the report to plaintiffs who subsequently bring a civil action on parallel grounds. A careful reading of *United States Industries* makes it apparent that the court held that disclosure in that case was not an abuse of the trial court's exercise of discretion in balancing the reasons for secrecy with the need for disclosure. The court did, however, include the following language:

> "The facts in the present case lend additional support to a liberal discovery ruling, for here the document in question is of government origin and the party opposing disclosure has had an opportunity to inspect its contents. It therefore seems highly inequitable and adverse to the principles of federal discovery to allow one party access to a government document and not the other. It is particularly inequitable when the policy reason for denying the other party access to the document is essentially inapplicable to the given situation." Id. at 22.

It is noted that *United States Industries* was decided before Rule 32 was amended in 1966. The sentencing judge in that case, had disclosed the memorandum

without having the express authority now granted in Rule 32(c) of the Fed.R. Crim.P. In the absence of such authority, there was more of a reason for finding that disclosure to the defendant and not to the plaintiffs in the civil action was inequitable. In light of the recent addition to Rule 32, it seems that the pronouncement by the *United States Industries* court may not be entitled to the weight that plaintiffs here urge this Court to give it. This does not mean that *United States Industries* is being disregarded entirely. Circumstances may exist such that disclosure of the report to the defendant may result in an unfair advantage to one of the parties in a civil suit. Also, disclosure to the defendant under certain circumstances may lessen the weight to be given the policy reasons for maintaining secrecy of information contained in a pre-sentence report and obtained from grand jury proceedings. These factors have been considered in concluding that disclosure to the plaintiffs would be improper in this case.

In reaching this conclusion, it is also noted that care is required in using the fact that a pre-sentence report has been disclosed to the defendant as a basis for making the report a matter of public record. Disclosure of probation reports to criminal defendants is based on the strong overriding policy of protecting interests of the criminally-accused. At times, nondisclosure to the defendant dangerously approaches deprivation of the defendant's constitutional rights. See Verdugo and Turner v. United States, 402 F.2d 599 (C.A. 9th Cir., Oct. 7, 1968) (Browning, J., separate opinion). The same principles apply when grand jury secrecy is broken for the benefit of a criminal defendant. See, Dennis v. United States, 384 U.S. 855, 86 S.Ct. 1840, 16 L.Ed.2d 973 (1966). If disclosure to the defendant is used as a basis for disclosure to the third party litigants in a civil proceeding, the criminal defendant's access to information via Rules 32(c) and 6(e) of the Fed.R.Crim. P. is seriously hampered. The defendant is thereby compelled to choose between exercising a recognized privilege or maintaining the confidential nature of such information. This result is undesirable as well as unconstitutional in instances where the Constitution requires giving the defendant access to such information. Cf., United States v. Jackson, 390 U.S. 570, 88 S.Ct. 1209, 20 L.Ed. 138 (1968).

Use of disclosure to defendants as a ground for disclosure to third parties is questionable for other reasons. The efficacy of the pre-sentencing and grand jury processes is lessened not only by disclosure to defendants, but also by disclosure to any other persons. Reprisal by the defendant is only one event to guard against in promoting free and untrammeled disclosures by persons who have information necessary for sentencing or grand jury purposes. Certainly, a defendant who gains access to such information is not free to disclose it to whomever he pleases. The need for confidentiality remains despite the fact that the information has been made available to the criminal defendant.

Application of the *United States Industries* principle is also questionable in cases such as this one where multiple defendants are involved. At the time of sentencing, the probation report was not made available to all the defendants in this case. Yet public disclosure of the document in question would be prejudicial to the interest of all defendants including the defendant who did not have access to the report made in connection with his sentencing.

It is hereby ordered that the subpoenas be quashed and the probation reports remain under seal of confidentiality. The Court has carefully weighed the conflicting interests involved in reaching this decision. The possibility of partial deletion and disclosure has also been considered and is rejected as inappropriate in this case.