**Annie M. HARRIS, Administratrix of the Estate of Vinson Preston Harris, Plaintiff,**

v.

**The UNITED STATES of America, Defendant.**

No. C–C–87–284–P.

United States District Court, W.D. North Carolina, Charlotte Division.

Aug. 24, 1988.

See also, 677 F.Supp. 403.

W. Joseph Dozier, Jr., Dozier, Brackett, Miller, Pollard & Murphy, Charlotte, N.C., for plaintiff.

Charles E. Lyons, Asst. U.S. Atty., Charlotte, N.C., for defendant.

### ORDER

ROBERT D. POTTER, Chief Judge.

THIS MATTER is before the Court on Plaintiff's Motion to compel production of numerous documents and items requested in Plaintiff's first request for production of documents served July 30, 1987, and two motions to compel discovery filed by Defendant. (By agreement, the parties extended the time for responding to Plaintiff's first request for production through October 8, 1987. Consequently, Defendant's Motion for protective order, filed September 8, 1987, is moot.) The Court will consider each motion in turn.

## I. PLAINTIFF'S MOTION TO COMPEL

Defendant responded to the request for production, but withheld many items arguably falling within the request,

for the following reasons: (a) Matters relating to Grand Jury proceedings, (b) Attorney Work Product/Internal Working Papers, (c) Matters unrelated to the incident at issue involving Vinson Preston Harris, (d) Material obtained on a pledge of confidentiality/Invasion of Privacy, (e) Release would adversely affect the security of Bureau of Prisons bus operations, and (f) Personal safety of the interview subjects. In addition, the Defendant objects to the release of the "Sensitive, Confidential" Presentence Report of Gerald Allison Dale....

Plaintiff seeks an order compelling Defendant to produce the withheld items, or at least requiring Defendant to list with specificity what items have been withheld.

### A. Grand Jury Testimony

Plaintiff requested "transcripts of the testimony of the inmates, witnesses, including Bureau of Prisons personnel, and experts who testified before the Federal Grand Jury which led to the conviction of Gerald Allison Dale in *The United States of America v. Gerald Allison Dale,* United States District Court for the Eastern District of North Carolina, Raleigh Division, File No. 86–84–01–CR–5." Disclosure of matters occurring before the grand jury is governed by Fed.R.Cr.P. 6(e), which states a general rule of secrecy and delineates certain exceptions thereto. Under Fed.R. Cr.P. 6(e)(3)(C)(i), disclosure is allowed if a court so orders in connection with a judicial proceeding. The rule sets forth strict procedures for disclosure under 6(e)(3)(C)(i):

(D) A petition for disclosure pursuant to subdivision (e)(3)(C)(i) shall be filed in the district where the grand jury convened.... [T]he petitioner shall serve notice of the petition upon (i) the attorney for the government, (ii) the parties to the judicial proceeding ..., and (iii) such other persons as the court may direct. The court shall afford those persons a reasonable opportunity to appear and be heard.

(E) If the judicial proceeding giving rise to the petition is in a federal district court in another district, the court shall transfer the matter to that court unless it can reasonably obtain sufficient knowledge of the proceeding to determine whether disclosure is proper. The court shall order transmitted to the court to which the matter is transferred the material sought to be disclosed, if feasible, and a written evaluation of the need for continued grand jury secrecy. The court to which the matter is transferred shall afford the aforementioned persons a reasonable opportunity to appear and be heard.

Before this Court may evaluate Plaintiff's demand for the grand jury transcripts, Plaintiff must follow the procedure set forth in the quoted portions of Fed.R. Cr.P. 6. Until such time as the Court for the district in which the grand jury was convened transfers the matter to this Court, Plaintiff's Motion to compel production of the grand jury transcripts will be denied.

### B. *Presentence Report*

■ Defendant states that it withheld the presentence report on Gerald Allison Dale, which was prepared pursuant to Fed. R.Cr.P. 32(c). Rule 32(c) provides for the creation of a presentence report to aid the court in sentencing the defendant in a criminal case. With respect to disclosure of the report, Rule 32(c) states:

(1) ... The report shall not be submitted to the court or its contents disclosed to anyone unless the defendant has pleaded guilty or nolo contendere or has been found guilty, except that a judge may, with the written consent of the defendant, inspect the presentence report at anytime.

> .     .     .     .     .

(3) Disclosure.

(A) At a reasonable time before imposing sentence the court shall permit the defendant and his counsel to read the report of the presentence investigation ..., but not to the extent that in the opinion of the court the report contains diagnostic opinions which, if disclosed,

might seriously disrupt a program of rehabilitation, or sources of information obtained upon a promise of confidentiality; or any other information which, if disclosed, might result in harm, physical or otherwise, to the defendant or other persons. . . .

(B) If the court is of the view that there is information in the presentence report which should not be disclosed under subdivision (c)(3)(A) of this rule, the court in lieu of making the report or part thereof available shall state orally or in writing a summary of the factual information contained therein to be relied on in determining sentence, and shall give the defendant and his counsel an opportunity to comment thereon. . . .

> .     .     .     .     .

(E) Any copies of the presentence investigation report made available to the defendant and his counsel and the attorney for the government shall be returned to the probation officer immediately following the imposition of sentence or the granting of probation, unless the court, in its discretion, otherwise directs.

Although Rule 32 does not govern the present situation, *United States v. Firgurski*, 545 F.2d 389, 391 (4th Cir.1976), it does indicate the extreme delicacy with which such reports should be treated. Many courts have held that presentence reports are court documents, not subject to disclosure under the Freedom of Information Act ("FOIA"). *See, e.g., Cook v. Willingham*, 400 F.2d 885 (9th Cir.1968) (FOIA does not apply to courts; presentence report is court document and remains in court's exclusive control). *But see United States Department of Justice v. Julian*, —— U.S. ——, 108 S.Ct. 1606, 100 L.Ed.2d 1 (1988) (upholding FOIA request, made to Bureau of Prisons, for requester's *own* presentence report.) If that is indeed the case, this Court has no power to order release of the report to Plaintiff, since Dale was sentenced in the Eastern District of North Carolina.

Even assuming that this Court has jurisdiction to compel release of the report, before the Court may do so Plaintiff must

convince the Court that disclosure is required to meet the ends of justice. *Figurski*, 545 F.2d at 391.

Plaintiff has not addressed her need for the presentence report in her Motion or in her response to Defendant's reply to her motion. Left to its own discretion, the Court can find no reason, much less a compelling one, to release the sensitive presentence report to Plaintiff.

### C. *Exhibits Introduced At Sentencing Hearing*

■ Plaintiff also seeks certain exhibits that were introduced at Dale's sentencing hearing. Neither party has indicated what these exhibits are or where they are stored. If the exhibits are in the custody of the sentencing court, Plaintiff must apply to that court for their release. If they are in the custody of Defendant, however, this Court may order their production.

Plaintiff claims that she "needs these exhibits to examine, to take pictures of any if necessary, to perform tests upon." The Court sees no reason not to require production of so many of the exhibits as Defendant has, but will not release them to Plaintiff's custody. They are Defendant's property and shall remain in Defendant's custody. Additionally, any "tests" which Plaintiff wishes to perform must be agreed to by Defendant or approved by the Court.

### D. *Other Documents*

■ Plaintiff's requests for production were broad and general, including "[a]ny and all statements from any person that relates [sic] in any way to the subject matter of plaintiff's Complaint" and "[a]ny and all documents or other tangible things in any way related to Vinson Preston Harris." Defendant apparently produced some documents in response to this request, but objected to producing "some documents or some of the information in the released documents" on six grounds:

(a) Matters relating to Grand Jury proceedings,

(b) Attorney Work Product/Internal Working Papers,

(c) Matters unrelated to the incident at issue involving Vinson Preston Harris,

(d) Material obtained on a pledge of confidentiality/Invasion of Privacy,

(e) Release would adversely affect the security of Bureau of Prisons bus operations, and

(f) Personal safety of the interview subjects.

Fed.R.Civ.P. 34(b) requires that a party responding to a request for production shall state its reasons for objecting to the request, and "[i]f objection is made to part of an item or category, the part shall be specified." Defendant has not complied with the rule, rendering it impossible to determine whether the materials withheld are producible. Accordingly, the Court will require a more complete response from Defendant.

### II. DEFENDANT'S MOTIONS TO COMPEL

In its first motion to compel, Defendant seeks to compel Plaintiff to respond more fully to its first interrogatories and requests for production. The Court has reviewed the discovery requests and finds them, in the main, to be unobjectionable, except as discussed below.

■ Plaintiff responded to Defendant's interrogatories nos. 3 and 6 and requests for production nos. 1, 2, 3, 4, and 5 by stating that some of the information requested was attached, but that Plaintiff also relied on "documents previously provided to defendant." Since these discovery requests were the first propounded by Defendant, any "documents previously provided" were not responsive to discovery requests. Accordingly, Plaintiff's response is insufficient and Plaintiff must produce those "documents previously provided."

■ Interrogatory no. 4 is directed toward "all sources of income for Plaintiff and Vinson Preston Harris." Plaintiff responded with an objection as to Plaintiff, and stated that it would be easier for Defendant itself to obtain the information on Vinson Preston Harris.

As to the deceased, the response clearly is insufficient. Plaintiff must provide Defendant with the information concerning her intestate. The burden of participating in discovery is not abrogated simply because Plaintiff is suing the United States. Additionally, even though some of the information is available through "defendant's own agencies," it does not necessarily follow that Defendant can gain access to the information. Chinese walls set up between government agencies can be just as impermeable as brick, and thankfully so, for they are there for the protection of citizens, including Plaintiff and the deceased.

■ Insofar as interrogatory no. 4 and request no. 3 relate to Plaintiff, the Court finds that the information requested is irrelevant. N.C.Gen.Stat. § 28A–18–2 (1984) allows the personal representative, on behalf of the statutory beneficiaries of the estate, to recover, *inter alia*, "[t]he present monetary value of the decedent" to the beneficiaries. The measure is the worth of the decedent; how well off the beneficiaries are absent the decedent is immaterial.

■ The second motion to compel seeks more complete answers to Defendant's second interrogatories. As noted above, Defendant has no reason to probe into the financial status of the heirs of decedent's estate, for the issue is *decedent's* worth, not the heirs' worth. Interrogatory no. 8(c), however, is a request for information on each heir's criminal record. Plaintiff has stated that unspecified heirs may testify at trial; therefore, information on each heir's criminal record is relevant for impeachment purposes.

NOW, THEREFORE, IT IS ORDERED that:

(1) Plaintiff's Motion to Compel Production is GRANTED IN PART and DENIED PART;

(2) Defendant is not required to produce transcripts of Grand Jury testimony or Gerald Allison Dale's presentence report;

(3) Within forty-five (45) days of the date of this Order, Defendant shall PRODUCE for inspection in the presence of Defendant's representatives such of the exhibits introduced at Gerald Allison Dale's sentencing hearing, which are in Defendant's custody, said exhibits to remain in Defendant's custody and control;

(4) Within forty-five (45) days of the date of this Order, Defendant shall FILE a designation of the particular documents or categories of documents which fall within Plaintiff's requests Nos. 1 and 4, but to the production of which Defendant has objected, and shall STATE for each such document or category of documents the reason(s) for the objection;

(5) Defendant's Motion for Order Compelling Answers to Interrogatories and Compelling Inspection in Accordance with Request for Production of Documents is GRANTED IN PART and DENIED IN PART;

(6) Within forty-five (45) days of the date of this Order, Plaintiff must PRODUCE those "Documents previously provided to defendant" as identified in its responses to Defendant's "First Set of Interrogatories and Request for Production of Documents," interrogatories nos. 3, 4 (as to Vinson Preston Harris only), and 6 and requests for production nos. 1, 2, 3 (as to Vinson Preston Harris only), 4, and 5;

(7) Within thirty (30) days of the date of this Order, Plaintiff must RESPOND fully to Defendant's First Set of Interrogatories, interrogatory no. 4 as it relates to Vinson Preston Harris;

(8) Within forty-five (45) days of the date of this Order, Plaintiff must PRODUCE the documents requested in Defendant's First Set of Interrogatories and Request for Production of Documents, request for production no. 6;

(9) Defendant's Motion for Order Compelling Answers to Interrogatories is

GRANTED IN PART and DENIED IN PART;

(10) Within thirty (30) days of the date of this Order, Plaintiff must RESPOND to Defendant's Second Set of Interrogatories no. 8(c); and

(11) Discovery is reopened and extended for ninety (90) days from the date of this Order.