Suzanne HALACY

v.

Jon STEEN, et al.

Supreme Judicial Court of Maine.

Argued Dec. 7, 1995.
Decided Jan. 30, 1996.

Paul R. Dumas, Jr. (orally), Joyce, Dumas, David & Hanstein, P.A., Farmington, for Plaintiff.

Michael J. Donlan (orally), Verrill & Dana, Portland, for Defendants.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, and LIPEZ, JJ.

RUDMAN, Justice.

This case is on report pursuant to M.R.Civ.P. 72(c)[1] from the Superior Court (Cumberland County, *Saufley, J.*). We are asked whether and under what circumstances a presentence investigation report prepared by the Division of Probation and Parole pursuant to M.R.Crim.P. 32 may be disclosed to persons other than the defendant, the defendant's attorney, or the prosecuting attorney. We conclude that materials contained in a presentence investigation report are generally confidential. This confidentiality, however, is not absolute. When the party seeking disclosure has demonstrated a compelling particularized need for the contents of the report, the court may disclose those portions of the report directly relevant to the demonstrated need, subject to such controls against further dissemination as the court shall deem warranted. Because no compelling necessity for disclosure is apparent on the record in this case, we vacate the order of the court and remand for further proceedings consistent with this opinion.

### The Underlying Action

Suzanne Halacy filed a civil complaint against Jon Steen alleging counts of assault, battery, intentional and negligent infliction of emotional distress, invasion of privacy, and fraudulent transfer of assets. Steen had previously been found guilty of a gross sexual

---

1. M.R.Civ.P. 72(c) provides:

 **(c) Report of Interlocutory Rulings.** If the court is of the opinion that a question of law involved in an interlocutory order or ruling made by it in any action in the Superior Court ought to be determined by the Law Court be-

 fore any further proceedings are taken therein, it may on motion of the aggrieved party report the case to the Law Court for that purpose and stay all further proceedings except such as are necessary to preserve the rights of the parties without making any decision therein.

assault on Halacy. *State v. Steen*, 623 A.2d 146, 147 (Me.1993). We vacated Steen's conviction. *Id.* at 146. Subsequently, Steen pleaded *nolo contendre* to the gross sexual assault charge and was sentenced to time served. Prior to Steen's sentencing, the Superior Court (Cumberland County, *Brodrick, J.*) had ordered the preparation of a presentence investigation report (PSI) pursuant to M.R.Crim.P. 32.

 As part of a protracted discovery battle in Halacy's civil suit against Steen, Halacy sought all information contained in Steen's PSI in the belief that production of the psychological reports contained in the PSI would lead to the discovery of admissible evidence with respect to Steen's general mental processes and impressions of the incident. The court ordered disclosure of the PSI. On Steen's motion for reconsideration the court reviewed each of the documents contained in Steen's PSI and redacted certain documents pertaining to Steen's substance abuse history but refused to modify its order directing the release of the PSI to Halacy. The court based its release of Steen's PSI on its conclusion that disclosure was not precluded by law or rule. In a separate order, the court, noting the confusion concerning the confidentiality of PSIs and the irreparable harm that would be done to Steen's privacy interests if the court erred in ordering the release of his PSI, granted Steen's motion to report the issue of the PSI's confidentiality to us and stayed release of the PSI pending our decision.[2]

*The Confidentiality of the Presentence Report Investigation*

M.R.Crim.P. 32(c) authorizes the trial court to order the Division of Probation and Parole to conduct a presentence investigation and to submit a written or oral report to the court prior to the court's imposition of a sentence on the defendant. As with its federal counterpart, the primary purpose of the PSI is to facilitate the court's determination of an appropriate sentence. *See* 3 Glassman, *Maine Practice: Rules of Criminal Procedure Annotated* § 32.4 at 250 (1967) (stating that it is within the discretion of the trial justice to determine whether preparation of a PSI would aid in sentencing). *See also* Administrative Office of the United States Courts, Pub. No. 105, The Presentence Investigation Report 1 (1978, rev. 1984). The PSI, which contains a broad range of in-depth personal information, information on the offense, and an evaluation of the individual defendant's specific rehabilitative needs, has been characterized as "the critical document at both the sentencing and correctional stages of the criminal process." Stephen A. Fennell & William N. Hall, *Due Process at Sentencing: An Empirical and Legal Analysis of the Disclosure of Presentence Reports in Federal Courts*, 93 Harv.L.Rev. 1613, 1616 (1980).

Pursuant to M.R.Crim.P. 32(c)(3)(A), the PSI must be disclosed to the defendant and to the defendant's counsel. The Maine rule, however, like its federal analog, is silent on the issue of post-sentencing dissemination of the PSI to third parties. Despite this silence, we are not without guidance. Our rules of criminal procedure were modeled on the Federal Rules of Criminal Procedure. *See* 3 Glassman, *Maine Practice: Rules of Criminal Procedure Annotated*, Introduction at x (1967) ("At the outset it was decided that the Federal Rules should be used as a guide...."). *See also State v. Wells*, 443 A.2d 60, 63 (Me.1982) (quoting former Chief Justice Williamson's observation that "it may be fairly said that we have adopted the Federal Rules tailored to our needs"). Thus we have often interpreted our rules of criminal procedure by resort to the federal courts' analyses of their analogous rules. *See State v. Twist*, 528 A.2d 1250, 1251 (Me.1987) (relying on federal authority's interpretation of analogous rule in support of construction of Maine Rules of Criminal Procedure); *Wells*, 443 A.2d at 63 ("[W]e interpret the Rules ... by turning to sources of federal authority as

---

2. This case is properly on report. "There are some special circumstances in which a discovery order, even though clearly interlocutory, will be granted immediate review by the Law Court." 2 Field, McKusick & Wroth, *Maine Civil Practice* § 26.18b at 213 (2d ed. Supp.1981). When an interlocutory discovery order involves a serious and unsettled question of law it properly may be reported for determination. *Id.*

useful tools to accomplish the purpose of the Rules...."); *State v. Wedge*, 322 A.2d 328, 330 (Me.1974) (stating that consistent with the drafters' intention when the Maine Rules of Criminal Procedure were promulgated, the interpretation given to parallel federal rules by the Circuit Court of Appeals is controlling).

Traditionally, "in both civil and criminal cases the courts have been very reluctant to give *third parties* access to the presentence investigation report prepared for some other individual or individuals." *United States Dept. of Justice v. Julian*, 486 U.S. 1, 12, 108 S.Ct. 1606, 1613, 100 L.Ed.2d 1 (1988). The federal courts routinely have stated that the PSI is a confidential document. *See, e.g., United States v. Huckaby*, 43 F.3d 135, 138 (5th Cir.1995) (stating that there is a general presumption that courts will not grant third parties access to a PSI); *United States v. Smith*, 13 F.3d 860, 867 (5th Cir.), *cert. denied*, —— U.S. ——, 114 S.Ct. 2151, 128 L.Ed.2d 877 (1994) (same); *United States v. Schlette*, 842 F.2d 1574, 1578 (9th Cir.1989) (stating that a PSI enjoys a strong presumption of confidentiality); *United States v. Corbitt*, 879 F.2d 224, 229 (7th Cir.1989), *cert. denied*, 502 US. 823, 112 S.Ct. 86, 116 L.Ed.2d 58 (1991) ("It is clear that presentence reports have traditionally been confidential—indeed, it is only in the past 25 years that the *defendant* has had access to the presentence report...."). Our State's trial courts historically have afforded PSIs in their possession similar treatment. Even absent any explicit mention in the rule or directive from this Court, both Superior Court justices and clerks consistently have concluded that the PSI should be treated as a confidential document. *See, e.g., Maine Superior Court's Clerk Manual* 37 (1994) (stating that PSI should be put in a sealed envelope and that access to PSI absent a court order is limited to defendant's attorney of record); Minutes of Superior Court Clerks Meeting para. 3 (Sep. 28, 1990) (stating that if a clerk has reason to believe that an attorney is representing a victim or other party and is pursuing a civil matter against the defendant the PSI should not be released without further action from the court); Memorandum from Superior Court Administrators to Superior Court Clerks 1 (Feb. 4, 1988) (stating that until further notice PSI shall be treated as confidential documents); Memorandum from Superior Court Chief Justice Brody to Superior Court Justices and Clerks 2 (Apr. 14, 1988) (stating that PSI should be treated as a quasi-confidential document available only to counsel for the parties and defendants); Memorandum from Superior Court Chief Justice Clifford to Superior Court Clerks 1 (June 7, 1984) (stating that PSI shall be made available only to counsel for defense and prosecution). Important governmental and societal interests support this policy of limited disclosure:

1. The need to encourage individuals, including the defendant, who have relevant information to provide it to the Probation Office for ultimate transmittal to the sentencing judge with the assurance of confidentiality. *See Williams v. New York*, 337 U.S. 241 [69 S.Ct. 1079, 93 L.Ed. 1337] (1949); *United States v. McKnight*, 771 F.2d 388, 390 (8th Cir.1985), *cert. denied*, 475 U.S. 1014 [106 S.Ct. 1194, 89 L.Ed.2d 309] (1986); *United States v. Anderson*, 724 F.2d 596, 598 (7th Cir.1984); *United States v. Greathouse*, 484 F.2d 805, 807 (7th Cir.1973). *See also* Jacob B. Barnett and David H. Gronewold, *Confidentiality of the Presentence Report*, 26 Fed.Prob. 26 (1962) ("Basic to the functioning of the correctional apparatus is the conviction that comprehensive knowledge in breadth and depth of each client is essential.").

2. Consideration of the privacy interests of the victims and of their families. *See United States v. Charmer Indus. Inc.*, 711 F.2d 1164, 1175 (2nd Cir.1983).

3. Protection of the defendant's privacy. *United States v. Corbitt*, 879 F.2d at 235.

4. Protection of confidential source information and grand jury material. *Hancock Brothers, Inc. v. Jones*, 293 F.Supp. 1229, 1232 (N.D.Calif.1968).

5. Concern that the report includes irrelevant and unsupported information. *United States v. Corbitt*, 879 F.2d at 235.

6. Protection of third persons from release of embarrassing information. *Id.*

■ Appreciation of these policy considerations has motivated the great majority of federal courts to deny third party requests for access to a PSI. *See, e.g., United States v. Smith*, 13 F.3d at 860 (no disclosure to codefendant); *United States v. Moore*, 949 F.2d 68 (2nd Cir.1991), *cert. denied*, 503 U.S. 988, 112 S.Ct. 1678, 118 L.Ed.2d 396 (1992) (no disclosure to co-conspirator); *Harris v. United States*, 121 F.R.D. 652 (W.D.N.C. 1988) (no disclosure to third party who did not address need for the report); *contra United States v. Huckaby*, 43 F.3d 135 (5th Cir.1995) (disclosing PSI to public as part of sentencing to allay racial tension); *United States v. Schlette*, 842 F.2d 1574 (9th Cir. 1988) (releasing PSI of deceased defendant in face of sufficient showing for disclosure). The federal courts have not completely foreclosed the possibility of the release of a PSI to a third party. Rather, by equating the confidentiality afforded a PSI to the veil of secrecy afforded grand jury proceedings, the federal courts have placed upon the party seeking disclosure of a PSI the burden of demonstrating a particularized compelling need for disclosure to meet the ends of justice. *See United States v. Charmer Indus., Inc.*, 711 F.2d at 1175; *Hancock Brothers, Inc. v. Jones*, 293 F.Supp. at 1232. As the court explained in *United States v. Charmer Indus., Inc*:

> We regard the presentence report as bearing many of the characteristics—and frailties—of material presented to a grand jury. Grand jury secrecy is designed to accommodate several interests, reflecting the facts, *inter alia*, that only limited procedural safeguards are available to persons appearing before the grand jury, that hearsay testimony is normally allowed, that there is no right of cross-examination, and that frequently accusations are made for which no indictment is ever returned.

*United States v. Charmer Indus., Inc.*, 711 F.2d at 1175. *Accord United States v. Corbitt*, 879 F.2d at 233–34. We find the analogy to grand jury proceedings to be aptly drawn. We adopt the rationale expressed by the federal courts and agree with their conclusion that the PSI is a confidential document that should not be disclosed to a third party in the absence of a compelling and particularized demonstration that such disclosure is required to meet the ends of justice.

### Showing Required to Justify Disclosure to Third Party

■ The decision to release a PSI is committed to the sound discretion of the court. *See State v. Ireland*, 109 Me. 158, 160, 83 A. 453, 454 (1912) (stating that every court has power over its own records). *See generally*, 21 C.J.S. *Courts* § 181 (1990) (stating that court's power with respect to its documents are committed to its sound discretion). On motion of the party seeking discovery, the court should balance the desirability of publication against the need for confidentiality and should review the presentence report carefully *in camera* to determine whether the report contains crucial information the party seeking the PSI cannot obtain elsewhere. *See United States v. Moore*, 949 F.2d 68, 73 (2nd Cir.1991) (stating that compelling need is demonstrated when report contains information not available elsewhere); *United States v. Charmer Indus., Inc.*, 711 F.2d at 1177 ("A central element in the showing required of a third person seeking disclosure is the degree to which the information in the presentence report cannot be obtained from other sources."). Neither the fact that the report contains relevant information nor the fact that the report provides the most accessible means of obtaining the information is sufficient to warrant its disclosure. *See United States v. Corbitt*, 879 F.2d at 239 n. 17 (stating that disclosure is not justified simply because access would save civil litigant substantial amounts of time and money). As the Seventh Circuit stated in *Corbitt*, only when

> a compelling, particularized need for disclosure is shown should the ... court disclose the report; even then, however, the court should limit disclosure to those portions of the report which are directly relevant to the demonstrated need. Further, throughout this inquiry the court must be sensitive not only to the interests in confidentiality of the particular report, but also

to the possible future effects of the disclosure in any particular case.

*United States v. Corbitt,* 879 F.2d at 239.

■ The reviewing court, before ordering release of the PSI, must determine whether specific individual documents contained within the PSI are made confidential or privileged by operation of law or court rule. For example, dissemination of documents contained within the PSI may be limited or precluded pursuant to 34–A M.R.S.A. § 3003 (Supp.1995), which governs the confidentiality of certain materials prepared by the Department of Corrections or its subdivisions. Release of other materials contained in the PSI may be limited to the extent the materials contain information protected by the Criminal History Record Information Act. 16 M.R.S.A. §§ 611–623 (1983 & Supp.1995). Records relating to child abuse investigations that may have made their way into the PSI may not be released absent a court order pursuant to 22 M.R.S.A. § 4008 (1988 & Supp.1995). Even though a third party has demonstrated a compelling and particularized need for the subject PSI, the trial court must insure that disclosure is not otherwise precluded by statute or judicial rule.

■ We address one point with particularity for instruction of the Superior Court since it may arise again on remand. In ordering the disclosure of Steen's PSI, the court concluded that, because Steen "clearly acknowledged" that his court-ordered psychological report would be released to a third party, he had waived any expectation of confidentiality afforded by M.R.Evid. 503. This conclusion was in error.

■ The general privilege contained in M.R.Evid. 503(b) and the exception contained in M.R.Evid. 503(e)(2) apply in this instance. M.R.Evid. 503 provides in pertinent part:

**(b) General rule of privilege.** A patient has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications made for the purpose of diagnosis or treatment of his physical, mental, or emotional condition, including alcohol or drug addiction, among himself, his physician or psychotherapist, and persons who are participating in the diagnosis or treatment under the direction of the physician or psychotherapist, including members of the patients' family.

**(c) Privilege of accused.** When an examination of the mental condition of an accused in a criminal proceeding is ordered by the court for the purpose of determining his criminal responsibility, the accused has a privilege to refuse to disclose and to prevent any other person from disclosing any communication concerning the offense with which he is charged made in the course of the examination.

. . . . .

**(e) Exceptions.**

. . . . .

(2) *Examination by Order of the Court.* Except as otherwise provided in subdivision (c), if the court orders an examination of the physical, mental, or emotional condition of a patient, whether a party or a witness, communications made in the course thereof are not privileged under this rule with respect to the particular purpose for which the examination is ordered unless the court orders otherwise.

Generally, the scope of the patient-psychologist privilege is limited to "confidential communications." M.R.Evid. 503 defines as a "confidential communication" those "communications not intended to be disclosed to third persons." M.R.Evid. 503(a)(4). Since Steen knew that his evaluation would be forwarded to the court, the rule could be interpreted, as it was by the court, to place Steen's consultation with the psychologist outside the definition of a confidential communication. *See also* M.R.Evid. 510 (stating proposition that voluntary disclosure waives evidentiary privileges recognized by the rules). Acceptance of this interpretation, however, would render subsection (e)(2) meaningless. If communications made during these examinations were not subject to the privilege because of the parties' lack of intent for the communication to remain confidential, there would be no reason for including in the rule an exception placing communications made during a court-ordered evaluation outside the privilege. We interpret the exception contained in

M.R.Evid. 503(e)(2) as broadening the scope of the privilege to limit disclosure of communications that otherwise would be unprivileged because of a lack of confidentiality. M.R.Evid. 503(e)(2) therefore renders communications within its scope unprivileged solely "with respect to the particular purpose for which the examination was ordered." M.R.Evid. 503(e)(2) protects the patient from having court-ordered communications used for other purposes. *Cf. 25 Wright & Graham, Federal Practice and Procedure: Evidence* § 5546 (1989) ("[F]or example, if the court orders an examination to determine if the patient is fit to have custody of the child, the communications cannot be used in a criminal prosecution of the patient."). In Steen's case, where the court requested the psychological evaluation for purposes of aiding in sentencing Steen, its availability is subject to M.R.Evid. 503(e)(2). *See* Field & Murray, *Maine Evidence* § 510.1 at 5–53 (3d ed. 1992) (stating that application of general waiver principle expressed by M.R.Evid. 510 is subject to limitations expressed in individual rules establishing privileges).

Finally, when the court determines that disclosure of the PSI is warranted and that the materials sought are not otherwise protected, the court in its order authorizing disclosure should specify appropriate procedures and conditions. The terms of release should limit access to the PSI to insure that the disclosed material is no more widely broadcast than is absolutely necessary. *See, e.g.,* M.R.Civ.P. 26(c) (enumerating examples of protective measures the court may impose on discovery on motion of party from whom discovery is sought).

### *Disclosure of Steen's PSI*

Halacy contends that her request for Steen's PSI was supported by a compelling and particularized need for disclosure because she believes that the information in the psychological reports in the PSI would lead to the discovery of admissible evidence with respect to Steen's general mental processes and impressions of his assault of Halacy. Despite this contention, the court's order in this case indicates that its determination to release the PSI was based only on its conclusion that the State of Maine "has never

adopted a third-party limitation by rule or by law" and not on any demonstration of compelling and particularized need by Halacy. While we do not foreclose the possibility that Halacy may be able to demonstrate a compelling need with sufficient specificity to merit disclosure of Steen's PSI in whole or in part, the court made no such finding here.

The entry is:

Order vacated. Remanded for further proceedings consistent with the opinion herein.

All concurring.