## State of Vermont v. Aime Bruce LaBounty (96-180), Larry Titemore (96-191), and Caledonian-Record Publishing Co., Inc., Intervenor

[702 A.2d 82]

Nos. 96-180 & 96-191

Present: **Allen, C.J., Gibson, Dooley, Morse and Johnson, JJ.**

Opinion Filed August 1, 1997

*Jeffrey L. Amestoy*, Attorney General, Montpelier, and *Donal F. Hartman, Jr.* and *John R. Treadwell*, Assistant Attorneys General, Waterbury, for Plaintiff-Appellee.

*Philip H. White* of *Wilson & White, P.C.*, Montpelier, for Intervenor-Appellant Caledonian-Record Publishing Co., Inc.

*Charles S. Martin* of *Martin & Associates*, Barre, for Defendant-Appellee LaBounty.

*Robert Appel*, Defender General, and *William A. Nelson*, Appellate Attorney, Montpelier, for Amicus Curiae Office of Defender General.

■ **Johnson, J.** Before us on appeal are requests by intervenor Caledonian-Record Publishing Co., Inc., a newspaper publisher, for access to presentence investigation reports (PSIs) prepared in connection with two separate criminal proceedings. In both cases, the trial courts denied access on the ground that confidentiality of PSIs is protected by statute. See 28 V.S.A. § 204(d). We are thus required to resolve the question we left open in *State v. Densmore*, 160 Vt. 131, 624 A.2d 1138 (1993): whether the qualified First Amendment right of access that attaches to documents submitted by parties in sentencing hearings extends to PSIs prepared at the request of, and for the benefit of, the sentencing court. See *id.* at 135, 137-38, 624 A.2d at 1141-42. We conclude that PSIs are not subject to the qualified right of access recognized in *Densmore*, and accordingly, affirm the decisions below.

The relevant facts in this matter may be briefly recited. Defendant Titemore pled nolo contendere to several charges of embezzlement, 13 V.S.A. § 2531, and one charge of moving a body without a permit, 18 V.S.A. § 5211, and prior to sentencing, the district court ordered a PSI. See V.R.Cr.P. 32(c)(1). Through a written memorandum filed by counsel, Titemore objected strenuously to portions of the PSI. See *id.* 32(c)(4). The court continued the sentencing hearing to allow the State and the probation officer who prepared the PSI to respond to Titemore's objections. In the interim, the Caledonian-Record moved to intervene, seeking access to the PSI. Following a hearing, the court issued a written decision denying the request.

Defendant LaBounty was convicted by a jury of two counts of sexual assault on a minor, 13 V.S.A. § 3252(a)(3), and again the court ordered a PSI. Prior to sentencing, the Caledonian-Record moved to intervene and requested access to the PSI. The *LaBounty* court denied the request without a hearing, adopting the opinion of the district court in *Titemore*. The Caledonian-Record appealed both rulings.

## I.

Before proceeding further, we deem it helpful to review the nature of PSIs and their role in the criminal justice process. By statute and rule, the court is authorized, and generally required, to order the Commissioner of Corrections to prepare a PSI prior to sentencing a defendant. See 28 V.S.A. § 204(a)-(c); V.R.Cr.P. 32(c)(1). These reports, typically compiled by a probation officer, are "intended to furnish a case history of the defendant to the court before it imposes

28

sentence." *State v. Rathburn*, 140 Vt. 382, 388, 442 A.2d 452, 455 (1981); see also *In re Shuttle*, 131 Vt. 457, 460, 306 A.2d 667, 669 (1973) (presentence report aids sentencing court by furnishing case history of defendant). We have described their purpose as providing "the sentencing judge the fullest possible information concerning the defendant's life and characteristics so that [the judge] may be able to impose an appropriate sentence." *State v. Ramsay*, 146 Vt. 70, 78, 499 A.2d 15, 20 (1985) (quoting *United States v. Burton*, 631 F.2d 280, 282 (4th Cir. 1980)); see also *State v. Chambers*, 144 Vt. 377, 383, 477 A.2d 974, 978-79 (1984) (PSIs provide sentencing court with succinct, precise information upon which to base rational sentencing decision). Specifically, "[t]he report should include any prior criminal record of the defendant and information on his characteristics, financial condition, behavior or any other factors necessary to enable the court to impose an appropriate sentence." *Chambers*, 144 Vt. at 383, 477 A.2d at 979; see 28 V.S.A. § 204(a); V.R.Cr.P. 32(c)(2).

In Vermont as well as other jurisdictions, disclosure of PSIs has traditionally been narrowly limited. See 28 V.S.A. § 204(d) (designating PSIs as "privileged" and restricting disclosure); *Densmore*, 160 Vt. at 135, 624 A.2d at 1141 (rules of criminal procedure designed to assure confidentiality of presentence reports); *United States v. Corbitt*, 879 F.2d 224, 229 (7th Cir. 1989) (in federal system, presentence reports have traditionally been confidential). Until 1973, the effective date for V.R.Cr.P. 32, the court was not obligated to disclose the PSI to defendant, defense counsel, or the state's attorney. See 28 V.S.A. § 204(d); Reporter's Notes, V.R.Cr.P. 32; cf. *Corbitt*, 879 F.2d at 229 (in federal system, for many years defendant had no right of access to PSI). We have loosened these restrictions somewhat to grant defendants, as well as defense counsel and state's attorneys, access to PSIs. See V.R.Cr.P. 32(c)(3). The change was "justified by the demands of fundamental fairness." Reporter's Notes, V.R.Cr.P. 32. A defendant has a constitutional right not to be sentenced on the basis of materially untrue information, *Ramsay*, 146 Vt. at 78, 499 A.2d at 20, and therefore "must have the opportunity to ascertain that the sentence is based on accurate and adequate information and to respond to any accusation against him." Reporter's Notes, V.R.Cr.P. 32; see V.R.Cr.P. 32(c)(4) (outlining defendant's right to comment on PSI; procedure for offering evidence on contested facts). Although requiring some disclosure of PSIs, we have nonetheless continued to recognize, in our rules and our .decisions, that PSIs are confidential and should not be made public.

See V.R.C.P. 32(c)(5) (copies of PSI made available to defendant, defense counsel, or state's attorney must be returned to probation officer immediately following imposition of sentence; no additional copies of PSI may be made); *Densmore,* 160 Vt. at 135, 624 A.2d at 1141 (discussing confidentiality of presentence reports).

## II.

■ It is against this background that we must consider the Caledonian-Record's request for access to the Titemore and LaBounty PSIs. Recognizing that 28 V.S.A. § 204(d) appears to bar public access to PSIs,[1] the Caledonian-Record argues that a qualified First Amendment right of access attaches to PSIs, and overrides the statutory privilege.[2] In support of its argument, the Caledonian-Record relies on *Densmore,* 160 Vt. at 136, 624 A.2d at 1141, where we held that "documents submitted by the parties in sentencing hearings are subject to a qualified right of inspection by the public." As PSIs are prepared at the request of and for the benefit of the court, our holding in *Densmore* did not apply to those documents. *Id.* at 135-36, 624 A.2d at 1141.

The United States Supreme Court has recognized a qualified First Amendment right of access to criminal proceedings, and has developed a two-part test for determining whether the right attaches to a particular proceeding. See *Press-Enterprise Co. v. Superior Court,* 478 U.S. 1, 8 (1986) (*Press-Enterprise II*). The qualified right attaches if, first, "the place and process have historically been open to the press and general public," and second, "public access plays a significant positive role in the functioning of the particular process in question."

---

[1] The Caledonian-Record makes a brief argument that defendants' best interests warranted disclosure of the PSIs, and that the district courts abused their discretion by refusing to disclose the reports. See 28 V.S.A. § 204(d) (court has discretion to disclose PSI to person having proper interest, where best interest or welfare of defendant makes that action desirable or helpful). This argument is without merit. First, there has been no showing that disclosure would serve these defendants' best interests. Second, the Caledonian-Record's assertion that public access to PSIs is in the best interests of defendants generally is inconsistent with § 204(d), which designates PSIs as privileged, and places limits on their disclosure. Cf. *In re J.S.,* 140 Vt. 458, 469-70, 438 A.2d 1125, 1129-30 (1981) (rejecting newspaper's claim that its reporters should be granted access to juvenile proceedings as persons having "a proper interest in the case or in the work of the court") (quoting 33 V.S.A. § 651(c)).

[2] The Caledonian-Record also argues that Chapter I, Article 13 of the Vermont Constitution requires public access to PSIs. This claim is inadequately briefed, and we decline to consider it. See *State v. Read,* 165 Vt. 141, 153, 680 A.2d 944, 951 (1996) (party presenting argument under Vermont Constitution bears burden of explaining how or why Vermont Constitution provides greater protection than federal constitution).

*Id.* at 8. Although the Supreme Court has not extended this right to include documents submitted in connection with criminal proceedings, the federal courts of appeal have generally applied the same analysis to documents. See, e.g., *Corbitt,* 879 F.2d at 228; *In re Washington Post Co.,* 807 F.2d 383, 389-90 (4th Cir. 1986). Accordingly, we adopted the *Press-Enterprise II* test in *Densmore* to evaluate the public's right of access to a psychosexual evaluation submitted by a defendant at sentencing. *Densmore,* 160 Vt. at 134, 624 Vt. at 1140.

■ We do not agree, however, that our holding in *Densmore* should simply be extended to require full disclosure of PSIs. PSIs are not court documents in the usual sense; they are not prepared or filed by the parties, see *id.* at 135-36, 624 A.2d at 1141, and they do not become part of the public record of a case. In light of these unique characteristics, any right of access to PSIs must be evaluated separately from the public's right to attend sentencing proceedings and inspect documents filed by the parties in those proceedings. See *Corbitt,* 879 F.2d at 228-29 (public's right to disclosure of presentence reports must be considered independently of public's right of access to sentencing hearings).

Considering the Caledonian-Record's request in light of the *Press-Enterprise II* test, the first prong of that test is not met. Both federal and state courts have repeatedly recognized the confidential nature of PSIs, and have refused to disclose them to third parties. See, e.g., *United States v. Julian,* 486 U.S. 1, 12 (1988) (recognizing need to protect confidentiality of information contained in PSIs and noting that courts have been very reluctant to disclose them to third parties); *Corbitt,* 879 F.2d at 229-30 (discussing factors supporting confidentiality of PSIs); *Halacy v. Steen,* 670 A.2d 1371, 1374 (Me. 1996) (noting that both Maine courts and federal courts have historically treated PSIs as confidential). More importantly, as we have already discussed, in Vermont PSIs are privileged by statute and their disclosure has traditionally been restricted. As PSIs historically have not been open to the press and public, they are not subject to the qualified right of access recognized in *Press-Enterprise II*.

The Caledonian-Record argues that PSIs can no longer be considered truly confidential because information contained in them may be disclosed at sentencing. Here, for example, the court held an evidentiary hearing on defendant Titemore's objections to his PSI. Both the sentencing hearing and the documents filed by the parties in connection with the hearing were open to the public. Our conclusion, however, is not affected by the fact that some information contained

in a PSI may become public during the sentencing process. The documents themselves have been, and continue to be, treated as confidential. Much information contained in PSIs, including that provided by defendants themselves, remains private. Cf. *United States v. Trevino*, 89 F.3d 187, 191 (4th Cir. 1996) (notwithstanding new rules mandating disclosure of PSI to defendant, there are still valid reasons to prohibit routine disclosure to other individuals, including privacy interests of defendant); *Halacy*, 670 A.2d at 1374 (policy of limited disclosure of PSIs encourages individuals, including defendants, to provide information to probation officers).

We recognize that the reasons for maintaining the confidentiality of PSIs have lost force, now that defendants have both access to and the right to challenge information contained in the documents. Victims, family members, and other individuals are no longer assured of confidentiality; statements they give may be read by the defendant, referred to in sentencing memoranda, and disputed in open court. As one federal court has noted, if disclosure of PSIs were to cause "any chilling of sources . . . this disclosure [to defendant] would certainly trigger it." *United States v. Schlette*, 842 F.2d 1574, 1580 (9th Cir.), *modified*, 854 F.2d 359 (9th Cir. 1988). Moreover, as long as PSIs are not publicly released, press coverage of sentencings will necessarily be incomplete, and the public will learn only part of the reason for a given sentence. This lack of information may lead to public confusion and misunderstandings, as when the public knows the facts of the crime and hears the victim-impact statement, but never learns the mitigating factors reported in the PSI. See *Densmore*, 160 Vt. at 137, 624 A.2d at 1142 (public access to sentencing information "contributes to public understanding of the criminal justice system" and gives public "full understanding of the sentence or assurance that justice has been done"); cf. *Schlette*, 842 F.2d at 1580 (increased disclosure of PSIs, rather than restricting free flow of information, in fact had positive impact on PSIs and brought greater objectivity to sentencing process).

■ We thus agree with the Caledonian-Record that preserving the confidentiality of PSIs makes little sense. In our view, the Legislature should repeal 28 V.S.A. § 204(d) and authorize public release of PSIs. Nonetheless, we are not free to substitute our judgment for the Legislature's. See *In re J.S.*, 140 Vt. 458, 469-70, 438 A.2d 1125, 1130 (1981) (our function is not to pass on validity of legislative concern but to make sure no constitutional bounds are exceeded). As no First Amendment right of access attaches to PSIs,

we must respect the Legislature's decision to treat these documents as confidential. The Caledonian-Record should direct its criticisms of the policy to the Legislature.

Our holding should not be interpreted as barring any disclosure of PSIs other than that required by V.R.Cr.P. 32. A number of courts have recognized that a PSI may be disclosed to a third party where there is "a compelling and particularized demonstration that such disclosure is required to meet the ends of justice." *Halacy*, 670 A.2d at 1375; see, e.g., *United States v. Charmer Indus.*, 711 F.2d 1164, 1175 (2d Cir. 1983); *Hancock Bros. v. Jones*, 293 F. Supp. 1229, 1232 (N.D. Cal. 1968). As the Caledonian-Record has made no such showing, we need not consider the issue at this time.

*Affirmed.*